IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| LILIA FAVELA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Cause No. 3:19-cv-00061 |
| | § | |
| SWIFT TRANSPORTATION CO. OF | § | |
| ARIZONA, LLC, WALMART, INC., and | § | |
| MICHAEL "MIKE" MALDONADO, | § | |
| | § | |
| Defendants. | § | |
| | § | |

**DEFENDANT SWIFT TRANSPORTATION CO. OF ARIZONA, LLC'S NOTICE OF REMOVAL**

Pursuant to sections 1332, 1441, and 1446, Title 28 of the United States Code, SWIFT TRANSPORTATION CO. OF ARIZONA, LLC ("Swift") respectfully files this Notice of Removal, removing Cause No. 2018DCV4482 from the 327th Judicial District Court of El Paso County, Texas to the United States District Court for the Western District of Texas, El Paso Division.

## I.    PROCEDURAL HISTORY

1.      On December 27, 2018, Plaintiff Lilia Favela ("Plaintiff") filed her Original Petition in the 327th Judicial District Court of El Paso County, Texas, Cause No. 2018DCV4482, styled *Lilia Favela v. Swift Transportation Co. of Arizona, LLC, Walmart, Inc., and Michael "Mike" Maldonado*, based on a September 27, 2017 incident in El Paso, Texas, which allegedly resulted in injuries to Plaintiff. *See* Ex. A, Pl.'s Orig. Pet. § III.

2.      Plaintiff filed her Supplemental Petition of January 9, 2019 on January 9, 2019. *See* Ex. A, Pl.'s Supp. Pet. Plaintiff alleges she was a Swift employee on the date of the incident and was on Walmart premises in the course and scope of her employment when she opened a Walmart trailer

1

door that was off its rollers, so Plaintiff's husband and two Walmart employees lifted the door until they purportedly heard it catch at the top. *Id*. at § III. Plaintiff then walked into the trailer, and the trailer door fell and hit her head as she was walking out. *Id*.

3.      Plaintiff brought causes of action based on premises liability, negligence, gross negligence, and vicarious liability against Walmart *Id*. at § V-VII. Plaintiff also brought negligence and vicarious liability claims against Swift and brought a negligence claim against her supervisor, Michael "Mike" Maldonado ("Mr. Maldonado"). *Id*. at § VI, VIII.

4.      Plaintiff seeks damages for past and future medical expenses and care; past and future loss of earning capacity; loss of performance of household duties; past and future pain and suffering; past and future mental pain and anguish; past and future impairment; and past and future disfigurement in excess of $1,000,000.00.  *Id*. at § IX.

5.      In her Supplemental Petition, Plaintiff alleges she is a resident of El Paso, County Texas. *See* Ex. A, Pl.'s Supp. Pet. at § II.

6.      Plaintiff also alleges Swift is an Arizona corporation doing business in Texas. *Id*. Plaintiff also alleges Walmart is a Delaware corporation doing business in Texas. *Id*.

7.      Plaintiff also alleges Mr. Maldonado, who remains to be served, is a resident of El Paso County, Texas. *Id.* Mr. Maldonado's citizenship may be disregarded for purposes of diversity jurisdiction, as set forth below.

8.      Swift now timely removes this case to federal court.

## II.   GROUNDS FOR REMOVAL

9.      Subject matter jurisdiction exists in this case pursuant to section 1332 and, therefore, removal of the case to this Court is proper because the amount in controversy is in excess of $75,000.00 and diversity exists among the parties; as Mr. Maldonado was improperly joined, his

citizenship may be disregarded for purposes of diversity jurisdiction, as set forth in section III below.

### A. The Amount in Controversy Exceeds $75,000.00

10.     Pursuant to section 1332, the amount in controversy must exceed the sum or value of $75,000.00. *See* 28 U.S.C. §1332(a).

11.     Plaintiff alleges she seeks to recover in excess of $1,000,000.00. Pl.'s Supp. Pet.  § IX. Therefore, the amount in controversy requirement is satisfied for purposes of diversity jurisdiction. *See* 28 U.S.C. §1332(a).

### B. Complete Diversity Exists Among the Parties

12.     Diversity of citizenship is assessed at the time the action is filed.  *Freeport-McMoRan, Inc. v. K N Energy, Inc.*, 498 U.S. 426, 428 (1991).

13.     The citizenship of an individual is based on the individual's domicile. *Coury v. Prot*, 85 F.3d 244, 250 (5th Cir. 1996). The citizenship of a corporation is its state of incorporation and the state in which it has its principal place of business. 28 U.S.C. § 1332(c)(1). The citizenship of a limited liability company is determined by the citizenship of each of its members.  *Harvey v. Gray Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008).

14.     Here, Plaintiff, an individual, is a citizen of the State of Texas.

15.     Swift Transportation Co. of Arizona, LLC's citizenship is determined by the citizenship of its sole member, Swift Transportation Company, which is not a defendant in this suit. Swift Transportation Company is a Delaware corporation with its principal place of business at 2200 South 75th Avenue, Phoenix, Arizona 85043. Swift Transportation Company is a citizen of the States of Delaware and Arizona under section 1332(c)(1). Accordingly. Swift Transportation Co. of Arizona, LLC is also a citizen of the States of Delaware and Arizona.

16.     Under section 1332(c)(1), Walmart is a citizen of the States of Delaware and Arkansas for diversity purposes because it is a corporation incorporated in Delaware with its principal place of business at 702 SW 8th Street, Bentonville, Arkansas 72716.

17.     Mr. Maldonado's citizenship may be disregarded for diversity purposes because Plaintiff improperly joined him in this lawsuit for the sole purpose of destroying diversity, as it is facially apparent there is no basis by which Plaintiff can recover against Mr. Maldonado.

### III.     PLAINTIFF IMPROPERLY JOINED MR. MALDONADO FOR THE SOLE PURPOSE OF DEFEATING DIVERSITY JURISDICTION

18.     A plaintiff cannot improperly join a nondiverse defendant to defeat diversity. *Hart v. Bayer*, 199 F.3d 239, 243 (5th Cir. 2000). A defendant has been improperly joined if the Court finds (1) the plaintiff states a claim against a diverse defendant that he fraudulently alleges is nondiverse, or (2) the plaintiff does not state a claim against a defendant that he properly alleges is nondiverse. *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 199 (5th Cir. 2016).

19.     A plaintiff is unable to establish a cause of action against the nondiverse defendant if there is no possibility of recovery by the plaintiff against the nondiverse defendant. *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004).   A plaintiff lacks a possibility of recovery against a nondiverse defendant if there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against the nondiverse defendant. *Id.*

20.     Whether a defendant is improperly joined may be resolved either by engaging in a Federal Rule of Civil Procedure 12(b)(6) analysis or piercing the pleadings and conducting a summary inquiry.  *Int'l Energy Ventures*, 818 F.3d at 200. If the court conducts a 12(b)(6) analysis, it must analyze the allegations of Plaintiff's complaint under a <u>federal</u> pleading standard to determine there is no possibility of recovery by the plaintiff against the nondiverse defendant. *Id.* (emphasis added).

The focus of the court's analysis should not focus on the merits of the plaintiff's case; rather it must focus on the joinder itself. *Id.*

> **A. There is no possibility of recovery by Plaintiff against Mr. Maldonado because Mr. Maldonado did not owe Plaintiff any independent duty for which he may be personally liable**

21.     Here, Mr. Maldonado is improperly joined in the lawsuit because he did not owe any independent duty apart from the duty owed by Swift, if any, to Plaintiff to exercise reasonable care with respect to Plaintiff or to train or control Plaintiff. Absent any duty, no actions against Mr. Maldonado may lie.

22.     Individual liability against an agent or employee of an entity or organization arises only when the agent or employee owes an <u>independent duty</u> of reasonable care to the injured party <u>apart from the duty the entity or organization</u> owes the Plaintiff. *See Leitch v. Hornsby*, 935 S.W.2d 114, 117 (Tex. 1996) (holding corporate officers not liable for corporate employer's breach of duty to provide safe workplace) (emphasis added).

23.     When there is no independent duty owed by the employee to the plaintiff, courts have recognized joinder of the employee is improper when determining the existence of diversity jurisdiction for purposes of removal. *See Rodriguez v. Home Depot, U.S.A.*, Cause No. 3:14-CV-175-PRM, ECF No. 18 at 8-11 (W.D. Tex. Sept. 11, 2014) (Martinez, J.) (unpublished) (noting store supervisor was improperly joined when no allegation of independent duty apart from employer's duty appeared in pleading).

24.     Although Plaintiff cites, but does not otherwise discuss, specific theories of negligent conduct against Mr. Maldonado, Plaintiff's allegations against Mr. Maldonado are identical to the allegations Plaintiff pleads against the employer, Swift. *See* Ex. A, Pl.'s Supp. Pet. § VIII. Plaintiff's vague theories of negligence against Mr. Maldonado fail to establish Plaintiff could

recover independently from Mr. Maldonado and provide no basis to assert Mr. Maldonado committed an independent tortious act.

25.    Plaintiff seemingly tenuously posits Mr. Maldonado owed an independent duty to Plaintiff because Plaintiff was allegedly under the direction and control of Mr. Maldonado. Pl.'s Supp. Pet. § III, VII. Plaintiff ignores Texas law does not impose any duty to control another's conduct, even if the person has the ability to do so. *Nabors Drilling, Inc. v. Escoto*, 288 S.W.3d 401 (Tex. 2009). Duty to control only arises in limited situations based on the relationship between the parties, such as between an employer and an employee. *Nabors*, 288 S.W.3d at 405. Employees like Mr. Maldonado have no duty to control fellow employees like Plaintiff. Mr. Maldonado was not Plaintiff's employer but a mere supervisory figure. As pleaded, no such independent duty exists, and there is no possibility Plaintiff can recover from Mr. Maldonado individually because Mr. Maldonado had no independent duty or authority to control Plaintiff.

26.    Plaintiff was in control of her own conduct and decisions regarding walking into and out of the Walmart trailer. Plaintiff also seemingly alleges Mr. Maldonado failed to ensure Plaintiff did not walk into and/or out of the trailer, even after Plaintiff herself opened the trailer seal and would have purportedly been aware the door was off the rollers. *See* Pl.'s Supp. Pet. § III. Mr. Maldonado had no control over Plaintiff and her independent decisions. Plaintiff has summarily failed to allege Mr. Maldonado owed an independent duty to Plaintiff and establish what that duty is and how it would be independent from the duty owed by Swift. *Borg v. Old Navy, LLC*, No. SA-13-CV-680-XR, 2013 U.S. Dist. LEXIS 124363, at *7 (W.D. Tex. Aug. 29, 2013) (finding nondiverse defendant employee was improperly joined even after Plaintiff alleged he owed an independent duty because Plaintiff did not show how the duty alleged differed from the corporate duty owed by employer). As such, Plaintiff has not established Mr. Maldonado owed any

independent duty from which Plaintiff could recover, and Mr. Maldonado was thus improperly joined for the sole purpose of destroying diversity.

   ### B. Plaintiff only pleaded conclusory allegations against Mr. Maldonado which fail to show he was personally involved in the conduct that caused Plaintiff's injury

27.    For the purpose of improper joinder analysis, federal courts may find proper joinder of an employer's agent only when the individual employee is directly and personally involved in the conduct that caused Plaintiff's injuries. *Guzman v. Cordero*, 481 F. Supp. 2d 787, 790 (W.D. Tex. 2007) (granting remand because employee was possibly individually liable to Plaintiff because the employee serviced the tire tread that separated causing plaintiff's accident); *contra Lyle v. 24 Hour Fitness, USA, Inc*., 2014 U.S. Dist. LEXIS 144279, at *10-11(W.D. Tex. Oct. 10, 2014) (denying remand because employee did not have personal involvement in the child falling from the play equipment).

28.    Plaintiff did not plead Mr. Maldonado had direct involvement in the accident or that he engaged in conduct that led directly Plaintiff's alleged injuries. *See* Ex. A, Pl.'s Supp. Pet. Instead, Plaintiff merely offered bare-bones allegations in an attempt to connect Mr. Maldonado's capacity as a Swift supervisor to the incident made the basis of this suit. Specifically, the only facts Plaintiff alleged against Mr. Maldonado are as follows: "At such time, Lilia Favela was working in the course and scope of her employment with Defendant SWIFT and was under the direction and control of Defendant MALDONADO."  *See* Ex. A, Pl.'s Supp. Pet. § III. Plaintiff never alleged Mr. Maldonado's actions or omissions led directly to Walmart's trailer door falling on her head. Neither did Plaintiff elucidate facts properly pleading how Mr. Maldonado's alleged direction and control resulted in the alleged injuries to Plaintiff. Plaintiff's conclusory allegations simply do not suffice as allegations of direct involvement for the purpose of determining improper joinder.

### IV.   PROPER VENUE AND COMPLIANCE WITH THE REMOVAL PROCEDURE

29.     Pursuant to section 1441(a), removal to this Court is proper as the district and division embracing the place where the State action is pending.

30.     Removal of this matter to federal court is timely, as Swift has removed this matter within thirty (30) days of being served with a copy of Plaintiff's Supplemental Petition, the point at which this matter became removable, *see* 28 U.S.C. § 1446(b), and within one year of the commencement of this action. *See id*. § 1446(c)(1).

31.     Walmart, which has been properly joined and served, consents to the removal of this case to federal court. 28 U.S.C. § 1446(b)(2)(A).

32.     Swift will properly give Plaintiff written notice of the filing of this Notice of Removal as required by section 1446(d). Swift will also promptly file a copy of this Notice of Removal with the District Clerk of the 327th Judicial District Court, El Paso County, Texas, Cause No. 2018DCV4482.

33.     True and correct copies of all process, pleadings, and the Orders served in the State court action are being filed with this Notice of Removal, as required by section 1446(a).  *See* Ex. A, State Court Record.

### V.   PRAYER

34.     Accordingly, Defendant SWIFT TRANSPORTATION CO. OF ARIZONA, LLC, pursuant to and in conformity with the requirements set forth in section 1446, respectfully removes Cause No. 2018DCV4482 from the 327th Judicial District Court, El Paso County, Texas to the United States District Court for the Western District of Texas, El Paso Division.

*<Signature page follows>*

Respectfully submitted,

RINCON LAW GROUP, P.C.
1014 North Mesa Street, Suite 200
El Paso, Texas 79902
(915) 532-6800 (Telephone)
(915) 532-6808 (Facsimile)

By:    */s/    Cindy M. Vazquez*
        CARLOS RINCON
        State Bar No. 16932700
        CRincon@rinconlawgroup.com
        OSCAR A. LARA
        State Bar No. 24078827
        OLara@rinconlawgroup.com
        CINDY M. VAZQUEZ
        State Bar No. 24100497
        CVazquez@rinconlawgroup.com

        Attorneys for Swift Transportation Co. of Arizona, LLC

## CERTIFICATE OF SERVICE

I certify a true and correct copy of the foregoing document was served via facsimile and via CM/ECF on all parties through their counsel of record on this 14th day of February, 2019.

*/s/  Cindy M. Vazquez*
CINDY M. VAZQUEZ

## CONSENT TO ELECTRONIC SERVICE

Attorneys of record for SWIFT TRANSPORTATION CO. OF ARIZONA, LLC consent to service by electronic means pursuant to Federal Rule of Civil Procedure 5(b)(1)(E).